Okolie CYRIL, Plaintiff–Appellant,

v.

NEIGHBORHOOD PARTNERSHIP II HOUSING DEVELOPMENT FUND, INC., Bushwick–Ridgewood Properties, Inc., Defendants–Appellees.

Docket No. 03–7518.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Okolie Cyril, Corona, NY, for Appellant, pro se.

James Tenney (Peter James Johnson, Jr., on the brief), Leahey & Johnson, P.C., New York, NY, for Appellees.

PRESENT: STRAUB, KATZMANN, Circuit Judges, and EATON, Judge.[1]

*SUMMARY ORDER*

Plaintiff–Appellant Okolie Cyril, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *Judge* ), dismissing his complaint alleging that Defendants engaged in unfair housing practices and discrimination by, *inter alia*, denying him the right to purchase and rehabilitate a building located in Brooklyn, New York and in evicting him from these premises in which he had operated a dry cleaning business. Familiarity with the facts, claims, and arguments is assumed. Upon review of the record and applicable law, we affirm the judgment for substantially the reasons stated in the Magistrate Judge's Report and Recommendation, as adopted by the District Court.

This Court reviews the District Court's disposition of motions for default and default judgment pursuant to Fed. R.Civ.P. 55 for an abuse of discretion. *See, e.g., Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 243 (2d Cir. 1994) (*citing Davis v. Musler,* 713 F.2d 907, 913 (2d Cir.1983)). Pursuant to Fed.

R.Civ.P. 55(c), a district court may vacate a default after assessing whether: "(1) the default was wilful; (2) setting aside the default would prejudice the adversary; and (3) a meritorious defense is presented." *Enron Oil Corp. v. Masonori Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993). In order to make a sufficient showing of a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 167 (2d Cir.2004) (internal quotation marks omitted). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.,* 10 F.3d at 96.

The District Court did not abuse its discretion by setting aside the entry of default. As to Bushwick Properties, the District Court did not abuse its discretion in finding that it was not properly served with the summons and complaint. As to Neighborhood Partnership, the District Court did not abuse its discretion in finding that the default was not wilful, as demonstrated by counsel's diligence after a slight delay due to illness, that Plaintiff was not prejudiced by setting aside the default, and that Neighborhood Properties presented a meritorious defense—that Plaintiff's complaint failed to state a claim.[2]

1. The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

2. Though it appears that the District Court considered the affidavits presented by Defendants in ruling on the motion for default judgment, it does not appear to have considered those affidavits in ruling upon the motion to dismiss, which consideration would have been improper. *See, e.g., Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir.2004) (review of motion to dismiss is limited to the facts and allegations that are

This Court undertakes a *de novo* review of a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *Gryl v. Shire Pharms. Group PLC*, 298 F.3d 136, 140 (2d Cir.2002). In ruling on the sufficiency of the complaint, we accept as true the allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Id.* A dismissal pursuant to Rule 12(b)(6) is inappropriate " 'unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief.' " *Id.* (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000)).

As to Plaintiff's claims under the Fair Housing Act of 1968, as amended by the Fair Housing Amendment Act of 1988, 42 U.S.C. § 3601 *et seq.* ("FHA"), we conclude that Plaintiff failed to state a claim upon which relief could be granted, even under the liberal pleading standards set forth in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Accordingly, the District Court correctly dismissed Plaintiff's FHA claim.

■ The District Court also correctly concluded that Plaintiff failed to state a claim under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), which provides compensation to individuals and businesses displaced in the course of federally funded projects. *See Supreme Oil Co. v. Metro. Transp. Auth.*, 157 F.3d 148, 150 (2d Cir. 1998). Plaintiff makes no allegation that his displacement was related to a federal or federally-assisted project.

As to Plaintiff's constitutional claims, the District Court held that Plaintiff failed to allege sufficient facts to sustain a cause of action upon which relief could be granted. We conclude that, again, even under the

liberal pleading standards set forth in *Swierkiewicz*, Plaintiff has failed to state a valid constitutional claim. We also note that Plaintiff was given an opportunity to amend, and declined to avail himself of that opportunity.

Finally, the District Court did not abuse its discretion in declining to assert supplemental jurisdiction over Plaintiff's state law claims. *See First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182–83 (2d Cir.2004).

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

---

contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits).